# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE, LLC | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 6:16-cv-01384-RWS-KNM |
| ASUS COMPUTER INTERNATIONAL, INC. AND ASUSTEK COMPUTER, INC. | ) |
| *Defendants*. | ) |

### SPECIALLY APPEARING DEFENDANT ASUSTEK COMPUTER, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT, FOR IMPROPER SERVICE OF PROCESS

Plaintiff Blue Spike, LLC filed this lawsuit against Defendant ASUSTeK Computer Inc. ("ASUSTeK"), which is a foreign company organized under the laws of Taiwan with its principal place of business in Taiwan. Dkt. 001, at ¶4. Plaintiff Blue Spike, LLC's ("Blue Spike") return of service of summons states that it served ASUSTeK "C/O ASUS Computer International, Inc." ("ACI") via ACI's registered agent, CT Corporation System in Dallas, Texas. Dkt. 007. But Blue Spike did not attempt to serve ASUSTeK directly at its principal place of business in Taiwan, and ACI's registered agent is not authorized to accept service on behalf of ASUSTeK. Accordingly, ASUSTeK was never properly served and Blue Spike's Complaint against ASUSTeK should be dismissed. Fed. R. Civ. P. 12(b)(5).

Rule 4(h) provides that, if not being served within the United States, a foreign corporation must be served in any manner prescribed by Rule 4(f), except for personal delivery, unless waiver of service has been obtained. *Proton Electronic Industrial Co. v. Prosonic Group*

*Corp.*, Case No. CV 07-00739, 2008 WL 11343445, at *1 (C.D. Cal. 2008). Rule 4(f) allows for service: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means. . . by a method that is reasonably calculated to give notice: (a) as prescribe by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (b) as the foreign authority directs in response to a letter rogatory or letter of request; or (c) unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement as the court orders. Fed. R. Civ. P. 4(f). Nothing in Rule 4(h) or 4(f) permits service of a foreign corporation via a separate U.S. corporation's registered agent. *See e.g., Fujitsu, Ltd. v. Belkin Internat'l, Inc., et al.*, 782 F. Supp. 2d 868, 874-78 (N.D. Cal. 2011) (discussing types of service of Taiwanese corporate entity and finding personal service on Taiwanese corporation was not proper). Nor did Blue Spike seek permission from this Court to pursue an alternative means of service for ASUSTeK. *See e.g., Morningstar v. Dejun*, CV 11-00655, 2013 WL 502474, at *1 (C.D. Cal. 2013) (recognizing that Rule 4(f)(3) permits alternative means of service by court order).

To the extent Blue Spike contends it properly served ASUSTeK via "indirect service," that method is *only* valid "when the defendant has 'actually authorized' [a] subsidiary to accept process on its behalf," or, where there has been no authorization, when "'[t]he relationship between [a] subsidiary and parent [is] such that they are in reality the same corporation. Typically, this requires the corporate separation to be a fiction.'" *Brewer v. Suzuki Motor of Am., Inc.*, No. 4:15-CV-197, 2015 WL 4433046 at *1 (S.D. Tex. July 17, 2015). The extent of Blue

Spike's allegations in its Complaint is that "ASUSTeK Computer Inc. can be served via its U.S. subsidiary, ASUS Computer International, Inc." Dkt. 1, at ¶ 4. Nowhere in its Complaint does Blue Spike contend that ASUSTeK had "actually authorized"—which it did not—ACI to accept process on its behalf. Nor did Blue Spike allege that the corporate separation between ASUSTeK and ACI is a fiction. Accordingly, ASUSTeK cannot be served via ACI.

As Blue Spike could not properly serve ASUSTeK via ACI, the only valid means for Blue Spike to have served ASUSTeK was directly in Taiwan, in compliance with Rule 4(h), which Blue Spike failed to even attempt. *See Rectractable Techs., Inc. v. Occupational & Med. Innovations, Ltd.*, 253 F.R.D. 404, 405 (E.D. Tex. 2008). Having failed to serve ASUSTeK, ASUSTeK respectfully requests this Court dismiss Blue Spike's Complaint as against that entity[1] or, alternatively, quash service of the summons and complaint against ASUSTeK.

DATED:  September 25, 2017               Respectfully submitted,

                                         ERISE IP, P.A.


                                         By: /s/ Michelle L. Marriott
                                         Michelle L. Marriott
                                         Eric A. Buresh
                                         ERISE IP, P.A.
                                         6201 College Blvd., Suite 300
                                         Overland Park, Kansas  66211
                                         (913) 777-5600
                                         (913) 777-5601 – fax
                                         michelle.marriott@eriseip.com

                                         *Attorneys for Defendants ASUS Computer International, Inc. and ASUSTeK Computer, Inc.*

---

[1] Further, in the event that proper service is effected (or is deemed effective), ASUSTeK asserts that this Court lacks personal jurisdiction over it and that venue is improper in this judicial district given ASUSTek's lack of contacts with the forum.  ASUSTek would therefore move to dismiss under 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue) in addition to 12(b)(5) (insufficient service of process).  ASUSTeK specifically asserts, moves, and thereby preserves these defenses.

3

## CERTIFICATE OF CONFERENCE

Counsel for Specially Appearing Defendant ASUSTeK Computer, Inc. states that pursuant to L.R. CV-7(i)(1), the parties were not required to confer on the relief requested on the instant motion to dismiss.  Even so, counsel for Specially Appearing Defendant ASUSTeK Computer, Inc. certifies that she contacted counsel for Blue Spike two times on September 25, 2017, each time requesting a telephonic conference, but as of the filing of this motion, had not received a response from counsel for Blue Spike, in compliance with L.R. CV-7(h).  In the event that Blue Spike, LLC does not oppose the instant motion, counsel for Specially Appearing ASUSTeK Computer, Inc. will update its certificate of conference accordingly.
.

                                          /s/ *Michelle L. Marriott*
                                          Michelle L. Marriott

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via CM/ECF service, on this 25th day of September, 2017.

                              /s/ *Michelle L. Marriott*
                              Michelle L. Marriott