**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BLUE SPIKE, LLC | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:16-cv-01384-RWS-KNM |
| | ) | |
| | ) | |
| ASUS COMPUTER INTERNATIONAL, | ) | |
| INC. AND ASUSTEK COMPUTER, INC. | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**SPECIALLY APPEARING DEFENDANT ASUSTEK COMPUTER, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Without conferring with or otherwise notifying Defendant ASUSTeK Computer, Inc. ("ASUSTeK"),[1] Blue Spike belatedly moved to "strike" ASUSTeK's fully-briefed motion to dismiss for improper service.  Blue Spike's motion does not identify any precedent – let alone legal support – for "striking" a motion to dismiss at all, and certainly not for "striking" a motion to which it has already responded (both response and sur-reply).  Rather, Blue Spike's motion appears to rehash its arguments from the briefing on ASUSTeK's motion to dismiss in the hopes of avoiding a determination on the merits entirely.  Blue Spike's motion to strike is deficient in all respects, procedurally and substantively, and ASUSTeK respectfully requests that the Court deny its motion to strike and consider ASUSTeK's motion to dismiss on the merits.

---

[1]     ASUSTeK was not properly served in this case, but has specially appeared to move to dismiss the complaint or, alternatively, quash service of summons of the complaint.  *See* Dkt. 16. ASUSTeK similarly specially appears here to oppose Blue Spike's motion to strike the motion to dismiss.

A.      **Procedural and Factual Background.**

Blue Spike never properly served ASUSTeK, a Taiwanese company, with the complaint and summons in this case.  Instead, Blue Spike mistakenly decided that it could serve ASUSTeK through the registered agent for a separate entity, ASUS Computer International, Inc. ("ACI"), and represented to the Court that ACI was designated to accept service on behalf of ASUSTeK (Dkt. 7, Dkt. 9, and Dkt. 9-1).   Contrary to Blue Spike's allegations, however, ACI is not authorized to accept service on behalf of ASUSTeK, and Blue Spike's attempt to serve ASUSTeK was improper.  Yet, Blue Spike maintains reliance on its faulty service attempt to seek a default judgment against ASUSTeK.   *See* Dt. 16 (motion to dismiss), 22 (reply in support).

After receiving Blue Spike's motion for default judgment, ASUSTeK moved to dismiss or, alternatively, quash service of summons and complaint, for improper service.  Dkt. 16.  The briefing on ASUSTeK's motion to dismiss closed on October 30, 2017, with Blue Spike submitting both a response and a sur-reply.  While Blue Spike's briefing argued that its service attempt on ASUSTeK was proper, Blue Spike did not challenge any alleged procedural defects with ASUSTeK's motion.  Yet two days after the briefing closed, Blue Spike filed the instant motion to strike ASUSTeK's motion to dismiss.   In it, Blue Spike asks the Court to strike ASUSTeK's motion to dismiss based on arguments of waiver and willful default[2], both of which

---

[2]      While the bulk of Blue Spike's filing, as well as its title, indicates that Blue Spike is only seeking to strike ASUSTeK's motion to dismiss (Dkt. 16), Blue Spike also appears to move to strike portions of Defendants' Opposition to Blue Spike's Motion for Default Judgment; specifically, Defendants' motion to set aside default and Defendants' footnote stating that ACI preserves a venue defense. Dkt. 26, at 6-7.  To the extent the Court entertains Blue Spike's argument to strike its motion to set aside default, Defendants note that whether or not a Court should set aside default is one of the factors considered to determine whether a motion for default judgment should be entered. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

were fully briefed in the parties' recent filings.  Dkt. Nos. 11, 17, 21, 23 (briefing on Blue Spike's Motion for Default Judgment); Dkt. Nos. 16, 20, 22, and 24 (briefing on ASUSTeK's Motion to Dismiss).

### B.  Blue Spike's Motion to Strike Is Procedurally Deficient.

Blue Spike's motion to strike suffers from procedural defects, which merit denial.  As a threshold matter, Blue Spike failed to meet and confer on its motion to strike, as demonstrated by the lack of a certificate of conference attached to its motion to strike.  L.R. CV-7(h) (request for court intervention is not appropriate until parties have met and conferred).  This alone supports denial of Blue Spike's motion.  *See, e.g., Konami Digital Entertainment Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 3448148, at *2 (E.D. Tex. 2009) (refusing to address substantive merits of motion "because the moving party has failed to satisfy the requirements of the Local Rules"); *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *2 (N.D. Tex. 2015) (" . . . Plaintiff has no excuse for not attempting to confer or providing a certificate of conference.  That failure alone supports denying the motions [to strike].").

Moreover, Blue Spike's "motion to strike" comes far too late.  If Blue Spike had genuinely believed that it had grounds to "strike" ASUSTeK's motion to dismiss, it could have made its arguments in its response or sur-reply briefing on the merits.  But at no point during the briefing on ASUSTeK's motion to dismiss did Blue Spike suggest, let alone argue, that ASUSTeK's motion should be "stricken."  Instead, Blue Spike waited for the briefing on the merits of ASUSTeK's motion to close, and then attempted to re-open and duplicate those proceedings with its separate, last-ditch motion to strike.  Blue Spike's motion to strike is procedurally improper, and should be denied.

---

Thus, Defendants simply sought to consolidate their briefing on these entirely intertwined issues in their response to Blue Spike's motion for default judgment.

### C.  Blue Spike's Motion to Strike Is Unprecedented and Legally Baseless.

Blue Spike fails to identify any legal authority for its motion to strike.  To be sure, a motion to strike a fully-briefed motion is exceedingly rare – typically, the opposing party simply responds to the motion, as Blue Spike *initially* did here, rather than separately move to strike the motion.  This is for good reason, as the Federal Rules simply do not contemplate a motion to strike a motion.

Motions to strike are governed by Rule 12(f), which permits striking a *pleading* for certain reasons, such as if the pleading contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f); *Brown,* 2015 WL 11121361, at *2.  But a motion – such as ASUSTeK's motion to dismiss – is not a pleading.  Accordingly, the few courts that have encountered a motion to strike a motion have found it to be improper:

> Moreover, the Federal Rules of Civil Procedure contemplate the filing of a motion to strike when a pleading contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R. Civ. P. 12(f).  And the federal rules define "pleadings" in Fed. R. Civ. P. 7(a).  A motion is distinct from the pleadings of an action.  *See* Fed. R. Civ. P. 7(a) and (b).  Filing a motion to strike in response to a motion is not a reasonable substitute for filing a response and brief as contemplated by the local rules of this Court.  *See* N.D. Tex. R. 7.1(d).  ***Filing a motion to strike instead of a response to a motion merely serves to cause unnecessary delay and increase the cost of litigation.***  Given the drastic nature of striking a portion of a pleading and the propensity of movants to file such motions "as a dilatory tactic," Rule 12(f) motions to strike are disfavored. [internal citations omitted]  Rule 12(f) provides ***no basis for Plaintiff's motions to strike.***

*Brown,* 2015 WL 11121361, at *2 (emphasis added); *see also Olivier v. Lyonais*, 3:16-cv-1490-J-34MCR, 2017 WL 3638306, at *2 (M.D. Fla. 2017) (finding motion to strike procedurally improper where a motion to dismiss is not considered a pleading under the Federal Rules, and where Rule 12 does not grant authority for a motion to strike a non-pleading).

Even if a motion could be the subject of a motion to strike (it cannot), Blue Spike does not argue that any portion of ASUSTeK's motion to dismiss contains redundant, immaterial,

impertinent, or scandalous matter as contemplated by Rule 12(f).  Nor could it.  To the contrary, ASUSTeK's motion to dismiss challenges whether Blue Spike ever properly served ASUSTeK under Federal R. Civ. P. 12(b)(5), and goes to the issue of whether the Court has personal jurisdiction based on the propriety of service of process.  *Banks v. Mac*, No. 2:11-cv-00648-GMN-CWH, 2013 WL 323337, at *2 (D. Nev. 2013) (denying motion to strike defendant's reply in support of motion to dismiss, finding it unclear how a Rule 12(b)(6) motion for failure to state a claim could be irrelevant).  While Blue Spike claims that its motion to strike is "justifie[d]" by "ASUSTeK's culpable and willful default" (Dkt. 26 at 3), this misses the issue completely – if ASUSTeK was not properly served, it could not be in default.  Merely reciting the purported number of days between a faulty service attempt and ASUSTeK's motion to dismiss does not impact the analysis.  *Id.* at 1.

Finally, Blue Spike's motion to strike faces another fatal hurdle – "[f]ederal courts generally disfavor motions to strike."  *Leeward Capital, L.P. v. Archon Corp.*, 759 F. Supp. 2d 1249, 1254 (D. Nev. 2010)).  A motion to strike is a "drastic" remedy.  *Brown,* 2015 WL 11121361, at *2.  Instead, there is a strong preference for the resolution of cases on their merits.  *Calkins v. Shapiro & Anderson,* LLP, No. 05-08150-PHX-ROS, 2005 WL 3434718, at *3 (D. Ariz. 2005). And here, where ASUSTeK contends that it was never properly served with the complaint in this case, it strongly disagrees with Blue Spike's suggestion that it "will not face undue prejudice if this Court strikes its motion."  Dkt. 26 at 2.  Blue Spike's request that the Court strike ASUSTeK's motion rather than consider it on the merits is inappropriate, and tacitly acknowledges the strength of ASUSTeK's argument presented in its motion to dismiss.

**D.  Blue Spike's Motion To Strike Is Duplicative Of The Briefing On ASUSTeK's Motion To Dismiss.**

Blue Spike had a full opportunity to respond to ASUSTeK's motion to dismiss, and it did so.  *See* Dkt. 20 (response) and 24 (sur-reply).  Two days after filing its sur-reply, however, Blue Spike filed the instant motion to strike, which largely rehashes and regurgitates the arguments set forth in its prior briefing on the merits, albeit with amplified rhetoric.  Rather than repeat its arguments contained in prior briefing, ASUSTeK refers and incorporates herein its arguments in in opposition to Blue Spike's motion for default judgment (Dkt. Nos. 17, 23) and ASUSTek's motion to dismiss (Dkt. Nos. 16, 22), which demonstrate why default judgment should not be entered in this case and why ASUSTeK's motion to dismiss must be granted for improper service.

To the extent that Blue Spike is now arguing that ASUSTeK was required to move to dismiss within 21 days of Blue Spike's legally improper service attempt, this argument was specifically rejected in *Britton v. City of Dubuque*, No. A-15-CV-0033LY-ML, 2015 WL 2384397 (W.D. Tex. 2015).  There, the plaintiff moved to strike the defendant's motion to dismiss for improper service as untimely, having been made over three months after the plaintiff claimed to serve the defendant.  *Id.* at *2. The Court concluded that the defendant was not properly served with the complaint and summons under Rule 4, even if the defendant received notice by email.  *Id.* at *4 (quoting *Dunlap v. City of Fort Worth*, No. 4:13-cv-802, 2014 U.S. Dist. LEXIS 59577 at *8 (N.D. Tex. Apr. 7, 2014) ("[T]he fact that the defendant may have received notice of this civil action is insufficient for service of process.")).  Because the plaintiff's efforts to serve the defendant were deficient, the defendant's motion to dismiss was not untimely as the faulty service "never triggered an answer deadline."  *Id.* at *2 (emphasis

added).  On this basis, the court denied the plaintiff's motion to strike, and the same result should occur here.

For all of the foregoing reasons, ASUSTeK requests that the Court deny Blue Spike's motion to strike in its entirety.


DATED:  November 15, 2017                    Respectfully submitted,

                                             ERISE IP, P.A.


                                             By: /s/ Michelle L. Marriott
                                             Michelle L. Marriott
                                             Eric A. Buresh
                                             ERISE IP, P.A.
                                             6201 College Blvd., Suite 300
                                             Overland Park, Kansas  66211
                                             (913) 777-5600
                                             (913) 777-5601 – fax
                                             michelle.marriott@eriseip.com

                                             *Attorneys for Defendants ASUS Computer
                                             International, Inc. and ASUSTeK Computer, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have been served with a copy

of this document via CM/ECF service, on this 15th day of November, 2017.

/s/ *Michelle L. Marriott*
Michelle L. Marriott