# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BLUE SPIKE LLC | § |
| | § |
| | § |
| v. | § CIVIL ACTION NO. 6:16-cv-1384-<br>§ RWS-KNM |
| | § |
| | § |
| ASUS COMPUTER INTERNATIONAL, | § |
| INC. AND ASUSTEK COMPUTER INC. | § |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Before the Court is the Report and Recommendation of the United States Magistrate Judge (the "Report") (Docket No. 37) in which Judge Mitchell addressed three pending motions: (1) Plaintiff Blue Spike LLC's Motion for Default Judgment as to ASUS Computer International ("ASUS") and ASUSTeK Computer Inc. ("ASUSTeK") (Docket No. 11); (2) ASUSTeK's Motion to Dismiss or, in the Alternative, Motion to Quash Service of Summons and Complaint (Docket No. 16); and, (3) Plaintiff's Motion to Strike for failure to comply with L.R. CV-7(a) (Docket No. 26).

After the Report was published, Plaintiff voluntarily dismissed ASUSTeK. Docket Nos. 39 and 40. Therefore, the Court **DENIES AS MOOT** ASUSTeK's motion to dismiss (Docket No. 16) and Plaintiff's Motion to Strike for failure to comply (Docket No. 26), and **DENIES-IN-PART AS MOOT** Plaintiff's Motion for Default Judgment with respect to ASUSTeK (Docket No. 11).

Plaintiff filed objections to the Magistrate Judge's recommendation to deny Plaintiff's Motion for Default Judgment against ASUS.[1]  Docket No. 38.  Defendant[2] filed a Response. Docket No. 41.  Having reviewed the written objections *de novo*, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and **OVERRULES** Plaintiff's objections.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## PLAINTIFF'S OBJECTIONS

Plaintiff has filed two sets of objections to the Report.  First, Plaintiff objects to the recommendation that the entry of default against ASUS should be set aside.  Docket No. 38 at 3. Second, Plaintiff objects to the recommendation that default judgment should be denied.  Docket No. 38 at 4.

**I.  Plaintiff's Objections to the Report's Recommendation that the Clerk's Entry of Default Against ASUS Should Be Vacated**

Plaintiff argues that entry of default should not be disturbed, and relies on *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) to argue that the Court should have ended its inquiry once it found Defendant's default was willful.  Docket No. 38 at 3. Plaintiff emphasizes that "[a] finding of willfulness ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Id*. (citing *In re Chinese*, 742 F.3d at 594).

This argument was previously considered by the Magistrate Judge.  Docket No. 37 at 20 n.7.  As the Magistrate Judge correctly stated in her Report, in *In re Chinese*, the Fifth Circuit reviewed whether the district court erred in refusing to vacate a *default judgment*. *Id*. "*In re*

---

[1] Blue Spike notes, "In the interest of narrowing the dispute between the parties, Blue Spike intends to voluntarily dismiss ASUSTeK.  Thus, for the purposes of this motion only ASUS Computer International (ASUS) is implicated." Docket No. 38 at 1 n.1.
[2] "Defendant" used hereinafter refers to Defendant ASUS, and the Court specifies by name when it refers to Defendant ASUSTeK.

*Chinese* does not discuss whether the entry of default judgment is appropriate." *Id*. In its objections, Blue Spike fails to recognize the distinction between vacating a clerk's entry of default, as is the case here, and vacating a default judgment.

Moreover, Plaintiff cites *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999), in which the Fifth Circuit noted that "the policy of resolving cases on their merits is 'counterbalanced by considerations of social goals, justice and expediency, *a weighing process that lies largely within the domain of the trial judge's discretion*.' " Docket No. 38 at 3 (emphasis added). Plaintiff's own reliance on *Rogers*, though, indicates that vacating an entry of default is squarely within the trial court's discretion. In its objections, Plaintiff does not cite to any case law in which a court has been required to enter default judgment.

On the other hand, Defendant cites to *Hilseweck P'ship v. Eastern Energy Resources, Inc.*, No. 3:11-CV-186, 2011 WL 3501719 at *2 (N.D. Tex. 2011) and *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528, 2016 WL 5704172, at *3 (N.D. Tex. Oct. 3, 2016), to argue that district courts have applied Fifth Circuit law to set aside a clerk's entry of default even though default was found to be willful. Thus, Plaintiff's implication that it is entitled to default judgment because of Defendant's willful default alone is incorrect.

In *Parker*, the district court explicitly found that "while willful failure alone may constitute sufficient cause for refusing to set aside an entry of default, the court may continue its good cause analysis." 2016 WL 5704172 at *3 (internal quotations and citations omitted). The court ultimately found good cause to set aside the default because there was no unfair prejudice to plaintiff and because defendant had raised a potentially meritorious defense. Similarly, in *Hilseweck,* the court set aside the clerk's entry of default because the defendant had met the good

cause standard, notwithstanding defendant's willful default.³ 2011 WL 3501719 at *2. The court found good cause in "the lack of prejudice to plaintiffs, [defendant's] potentially meritorious defense, and the fact that the court is setting aside an entry of default, not a default judgment." *Id.*

Here, the Magistrate Judge also found that there was no unfair prejudice to the Plaintiff, that Defendant had raised a potentially meritorious defense, and that the Court would only be setting aside an entry of default, not a default judgment.⁴ Docket No. 37 at 18–26. Moreover, the Magistrate Judge found that there was significant financial loss at stake and that Defendant acted expeditiously to correct its default, bolstering Defendant's good cause. *Id*.

Despite Defendant's willful default, the Court agrees with the Magistrate Judge that good cause exists to set aside the Clerk's Entry of Default and thus, the Court hereby **OVERRULES** Plaintiff's objections to the recommendation that the Clerk's Entry of Default should be set aside.

## II. Plaintiff's Objections to the Report's Recommendation That Default Judgment Should Be Denied

Plaintiff reiterates its argument that "[d]efault judgment is appropriate here by virtue of Defendant's willful default alone" and cites in support *Trover Group, Inc. v. Cube Video Technologies, Inc.,* Civ. No. 2:14-CV-1172-WCB (E.D. Tex. Nov. 5, 2015). Docket No. 38 at 4. However, the defaulting defendant in *Trover* never appeared in that case or responded to the plaintiff's motion for default judgment and, therefore, default judgment was more readily granted.⁵ ASUS's appearance and representation to the Court that it was ready and willing to litigate the

---

³ The Court did not conclusively find that the defendant's default was willful, but it addressed setting aside the clerk's entry of default under the assumption that that defendant's failure to answer was willful.
⁴ Plaintiff also objects to the Reports finding of a lack of prejudice and Defendant's meritorious defense, which are addressed below.
⁵ Plaintiff also cites *Hart's Landscaping & Constr., LLC v. Vision Underground, LLC,* Civ. No. 5:15-CV-67-DCB-MTP, 2015 WL 9473773 (S.D. Miss. Dec. 28, 2015). However, the defaulting Defendant in *Hart* also never appeared in the case.

case on the merits heavily favors relief from default. *See Azoopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890, 895 (5th Cir. 1984).

In addition to *Trover,* Plaintiff cites to a case not previously mentioned, *Econ. Stone Midstream Fuel, LLC v. Thompson,* Civ. No. 4:08-CV-127-SA-DAS, 2009 WL 4728695 (N.D. Miss. Dec. 3, 2009). While the defaulting defendant in *Economy Stone* did appear in that case, the court did not hold that a finding of willfulness entitles a party to default judgment. As discussed in the Report, "[A] party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default." Docket No. 37 at 26 (*Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001)). No contravening authority has been provided by Plaintiff.

In fact, the Fifth Circuit has consistently held that entry of default is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Rogers v. Hartford,* 167 F.3d 933, 939 (5th Cir. 1999); *Warfield v. Byron,* 436 F.3d 551, 556 (5th Cir. 2006). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Relevant factors to be considered by the court include, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d at 893.

### 1. *Meritorious Defense*

Plaintiff objects to the Report's finding that there were material issues of fact in the instant case. Docket No. 38 at 5. Plaintiff argues that Defendant's defenses of insufficient standing,

venue and insufficiency of the complaint "fail as a matter of law," and that therefore, there are no issues of material fact. *Id.*

As discussed in the Report, a defendant must demonstrate that it has a meritorious defense such that the outcome of litigation could be different if it were allowed to proceed to trial on the merits. *In re OCA, Inc.,* 551 F.3d 359, 373 (5th Cir. 2008). The defendant need not prove that the defense would likely succeed on the merits, but rather just establish that there is a defense. *Id.*

Here, Defendant's defense as to the sufficiency of the complaint alone is enough to satisfy the meritorious defense requirement. Defendant's concerns about the sufficiency of the complaint are especially important given that a sufficiently pleaded complaint is required for a court to enter default judgment. Defendant has raised another meritorious defense: that Plaintiff does not have standing to sue. Though, Plaintiff relies on an affidavit from Scott Moskowitz to rebut that assertion, Defendant has nonetheless raised the issue and questions the affidavit. Docket No. 41 at 6–7.

As the Report correctly concluded, "[w]ithout delving into the merits of the issues presented, based on ASUS's factual allegations, it appears that Defendant has submitted evidence, which if proven, constitutes a defense. *See M.B. v. Landgraf,* No. 4:14-CV-708, 2017 WL 5483862 at *3 (E.D. Tex. Nov. 15, 2017)." Docket No. 37 at 23.

### 2. *Prejudice*

Plaintiff also objects to the Magistrate Judge's finding that there is no prejudice to Blue Spike in setting aside the default. Docket No. 38 at 6. Plaintiff argues that it is prejudiced by the expenses that it has, and continues to, expend in the instant suit. Docket No. 38 at 6. The Report addressed this issue and found that "increased legal fees do not amount to prejudice" under controlling Fifth Circuit law. Docket No. 37 at 20.

Plaintiff also introduces in its objection new expert testimony of Leon Travis to argue that Defendant's delay has substantially harmed Blue Spike's business. Docket No. 38 at 8. The Court believes it is inappropriate to consider this new argument when resolving objections to the Report. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (a party's entitlement to *de novo* review does not entitle it to raise issues at that stage which were not adequately presented to the Magistrate Judge), *cert. denied*, 513 U.S. 1163, 115 S.Ct. 1128 (1995).

Nevertheless, Travis's affidavit is filled with conclusory statements based on basic economic principles and not case-specific analysis. *See* Docket No. 38-2 ("Each day that this [judicial] subsidy remains in place, Asus pulls further ahead in the market, and this gap will confer increasing benefits to Asus well into the future at the expense of everyone else competing fairly in the market, namely, Blue Spike and other market participants that license Blue Spike's technology."). Thus, the Court is not persuaded by Plaintiff's newly presented argument.[6]

Plaintiff has failed to show that "the the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy,* 227 F.2d at 293.

### 3. *Harshness of Default Judgment*

Plaintiff objects to the Magistrate Judge's finding that default judgment would be harsh. Docket No. 38 at 4, 7. Plaintiff agrees with the finding that there is "significant financial loss at stake because there are 17 patents-in-suit concerning over 100 accused devices." Docket No. 38 at 4-5 (citing the Report at 26). However, Plaintiff argues that this factor is neutral because "Defendant's infringement also significantly jeopardizes Blue Spike's own financial health." *Id.* at 5.

---

[6] Plaintiff does not provide details on Travis's qualifications as an expert and the Court is unable to verify his credentials because there is no access to the website for Travis Consulting LLC, www.travisconsulting.com. Attempts to view the website have resulted in the following error message: "internal error-server connection terminated."

Plaintiff's objection does not mitigate the harshness of the default judgment. This district has previously found that "a multi-million dollar judgment mitigates strongly in favor of a trial on the merits." *M.B. v. Landgraf,* No. 4:14-CV-708, 2017 WL 5483862 at *3 (E.D. Tex. Nov. 15, 2017). The Court agrees with the Magistrate Judge that default judgment would be unusually harsh because of the value of the case at stake, especially given the fact that Defendant has represented that it is ready and willing to litigate the issue.

Given the Fifth Circuit's strong policy disfavoring default judgments, the Court agrees with the Magistrate Judge that Plaintiff's Motion for Default Judgment should be denied and, therefore, **OVERRULES** Plaintiff's objections.

## CONCLUSION

Having made a *de novo* review of the written objections filed by Plaintiff, and for the reasons detailed above, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court

**ADOPTS** the Report and Recommendation of United States the Magistrate Judge (Docket No. 37) in its entirety, and **OVERRULES** Plaintiff's objections to the Report (Docket No. 38). It is further

**ORDERED** that Plaintiff's Motion for Default Judgment (Docket No. 11) as to Defendant ASUS is **DENIED-IN-PART** on the merits, in accordance with the above, and that the motion is **DENIED-IN-PART AS MOOT** as to already-dismissed Defendant ASUSTeK. It is further

**ORDERED** that ASUSTeK's motion to dismiss (Docket No. 16) and Plaintiff's Motion to Strike for failure to comply (Docket No. 26) are also **DENIED AS MOOT.**

The Clerk of the Court is directed to **VACATE** the Clerk's Entry of Default (Docket No. 10).

**SIGNED this 23rd day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE